### ASA EUBANKS *vs.* ALSEY MITCHELL.

Where the plaintiff, in an action to recover the possession of land, alleged that the defendant held a bond for title under a former owner now dead, and had made payments in part for the land; that said former owner had devised the land to a daughter who conveyed to the plaintiff; the defendant answered that by payments in money and in property and services, which were to be taken as money, he had paid in full for the land; and plaintiff replied that the alleged payments were not payments but *items* in an account which were barred by the Statute of Limitations: *Held* that the proper issue was one for a jury, viz: whether the defendant paid his vendor in full or partially, and if partially, how much.

Where in such case a reference was made, and the referee reported that the defendant had made partial payments exceeding his indebtedness for the land, and exceptions were filed and sustained, on the ground that the items allowed were barred by the statute, *held* that there was a misconception of the issue, or the issue made was immaterial.

Pleadings on both sides being defective, cause remanded without costs to either party.

Civil action tried before *Tourgee, J.*, at Spring Term, 1872, of the Superior Court of CHATHAM.

The substance of the pleadings upon which the case turns is set forth in the opinion of the Court. The *reply* referred to in the opinion is in these words.

" The plaintiff replies, and says to the counter-claim of defendant, on account of various amounts due by John Trollinger, deceased, as set forth in his answer, that he has no knowledge or information sufficient to believe, and he does not believe, that counter-claim 'to be true, and that as regards all items thereof, to which the same is applicable, he pleads to be allowed the benefit of the statute of limitations," &c.

His Honor sustained certain exceptions filed by the plaintiff to the report of a referee, and the defendant appealed.

*Phillips & Merrimon* for the plaintiff.
*J. H. Headen* and *Fowle* for the defendant.

RODMAN, J. In order that this opinion may be intelligible, it will be necessary briefly to state the substance of the pleadings.

*The plaintiff alleges:* A title in fee to himself in a piece of land in possession of and claimed by the defendant; that in 1845 the land was owned by John Trollinger, who gave the defendant a bond to make him a title on payment of a certain sum with interest; that Trollinger died in 1867 or 1868, having by his will devised the land to his daughter Barbara, wife of Albright, who, on the 14th of January, 1871, conveyed the same to the plaintiff for value; that defendant has possessed the land ever since 1845 and has made some payments. He demands judgment for the possession of the land, and damage for the detention.

*Defendant answers:* Admits that he claims under a title bond from Trollinger, (which he sets out) ; says that he made various payments on the debt for the land; that he acted as agent for Trollinger upon an understanding that the value of his services should be credited as payments on the land; that he also paid taxes for Trollinger upon other lands, and delivered to him a quantity of cotton and other property to go as pay-

ments on the land, in all to an amount greater than his indebtedness.

*The plaintiff replies,* in effect, as we conceive, that the alleged payments were not payments, but only items in an account against Trollinger, and that they were barred by the statute of limitations.

We conceive that, at least for the present purpose, we must understand the replication to mean as above expressed. For if we understand it to allege that the *payments* were barred by the statute of limitations, it would be absurd, as a payment extinguishes the debt *pro tanto,* and of course the statute can have no application.

Certainly the answer alleges a payment; and not a set-off to a debt not sued on. To understand the replication as applicable to a set-off would be to condemn it as a departure and irrelevant. Thus construing the replication, it will be seen that the issue is, whether the defendant had paid the debt to Trollinger in full, and thereby entitled himself to a conveyance of the legal title, or had paid it in part, in which case he would be entitled to some relief, according to the circumstances, the nature of which it is not now material to inquire into.

If the alleged payments were not made and accepted, or acknowledged as such, but were only items in an unsettled account against Trollinger, not connected with the land debt by any agreement or course of dealing between the parties, expressly proved, or to be inferred from the circumstances, then it is of no concern to the plaintiff whether they are barred by the statute of limitations or not; as in such case the defendant's remedy, if any, would be by an action against the executors of Trollinger.

It must be remembered that this is not an action to recover the price of the land, or any other debt to Trollinger, but to recover the land itself, upon an issue in which the plaintiff denies that defendant has any equitable interest whatever.

The issue thus understood was for a jury; and we think it doubtful whether his Honor had power under C. C. P. sec. 245, to direct a reference without the written consent of the parties. That section authorizes a compulsory reference: 1. Where the trial of an issue of fact shall require the examination of a long *account* on either side," &c. Here the answer sets up numerous partial payments at various dates, making in all full payment. We doubt if a list of such payments can be deemed an account within the meaning of the Code: more especially as a part of the issue with regard to each item is, not only was the service performed, or the property delivered, but was this performance or delivery made and accepted, or afterwards acknowledged, expressly or by fair inference, as a payment on the debt for the land.

But it is not necessary to decide this point, and we express no opinion.

The referee reported that the defendant at various times made partial payments to an amount exceeding his indebtedness to Trollinger. The plaintiff excepted to the report, on the ground that the items allowed were stale and barred by the statute of limitations: and his Honor sustained the exception.

We think that both the counsel for the plaintiff, and his Honor misconceived the issue, probably by reason of the inartificial and badly drawn pleadings; or, if the issue must be construed as being on the statute of limitations, it is an immaterial one, and cannot affect the judgment. The issue we conceive to be, whether the defendant *paid* Trollinger in full or partially, and if partially how much.

The case must be remanded in order that the issue may be found in some proper way. We suggest to the parties the propriety of amending their pleadings so as to make them clearer. Perhaps also in the present state of the parties, in case it shall be found that the defendant has paid in part only and not in full, there may be a difficulty in giving a judgment

which will do complete justice in the case. C. C. P. 561–'62. As the misconception of the issue seems to have been common to both parties, and the pleadings of neither are without fault, neither will recover costs in this Court.

Judgment reversed and case remanded, to be proceeded in according to law.

Let this opinion be certified.

PER CURIAM.                                    Judgment reversed.